JUDGE WOODS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

14 CV 2182

| | |
|---|---|
| JAMES S. CHIZMAR,<br><br>                    Plaintiff,<br><br>          v.<br><br>CCL INDUSTRIES CORP.,<br>AVERY PRODUCTS CORP., and<br>STAPLES, INC.,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

RECEIVED MAR 28 2014 U.S.D.C. S.D. N.Y. CASHIERS

**PLAINTIFF COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff James S. Chizmar ("James S. Chizmar" or "Plaintiff") by and for his Complaint against defendants CCL Industries Corp. ("CCL Industries"); Avery Products Corp. ("Avery") and Staples, Inc. ("Staples") (hereinafter, CCL Industries, Avery and Staples, collectively, "Defendants"), hereby alleges as follows:

### NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States. Plaintiff holds the rights in U.S. Patent No. 6,371,678 ("the '678 patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '640 patent is entitled to a presumption of validity. Plaintiff is suing Defendants for infringing its patent, and doing so

willfully. Plaintiff seeks to recover damages from Defendants, including treble damages for willful infringement.

## THE PARTIES

2. James S. Chizmar is an individual with his principal residence at 72 Milton Street, Arlington, Massachusetts 02474.

3. Upon information and belief, Defendant CCL Industries Corp. is a corporation organized and existing under the laws of Delaware with a principal place of business at 161 Worcester Road, Suite 502, Framingham, Massachusetts 01701. Defendant CCL Industries can be served via its registered agent Corporation Service Company, 2711 Centerville Rd, Ste 400, Wilmington, DE 19808.

4. Upon information and belief, Defendant Avery Products Corp. is a corporation organized and existing under the laws of Delaware with a principal place of business at 50 Pointe Drive, Brea, California 92821. Defendant Avery can be served via its registered agent, Corporation Service Company, 2711 Centerville Rd, Ste 400, Wilmington, DE 19808.

5. Upon information and belief, Defendant Staples is a corporation organized and existing under the laws of Delaware with a principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702. Defendant Staples can be served via its registered agent, The Corporation Trust Company, Corporate Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION

6. This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq*. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Personal jurisdiction is also proper in this Court and this judicial district under N.Y. Civ. Pract. L. R. § 302 because, upon information and belief, Defendants have sufficient contacts within the State of New York and within this judicial district to subject themselves to the jurisdiction of this Court. Defendants have purposefully availed themselves of the privileges of conducting business in the State of New York and this judicial district. Defendants have sought protection and benefit from the laws of the State of New York. Defendants regularly conduct business within the State of New York and within this judicial district. Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of New York and in this District.

8. More specifically, personal jurisdiction is proper in this judicial district because, upon information and belief, Defendants, directly and/or through their intermediaries, transact business in this judicial district, including using, distributing, importing, making, offering for sale, selling, and/or marketing, supporting and advertising of its infringing products in the United States, the State of New York and the Southern District of New York.

## VENUE

9. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 6,371,678

10. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

11. On April 16, 2002, the '678 patent, entitled "Loose-Leaf Binder," was duly and lawfully issued based upon an application filed by the inventor, James S. Chizmar. A true and correct copy of the '678 patent is attached hereto as Exhibit 1.

12. James S. Chizmar is the owner of all right, title and interest in and to the '678 patent, and has the right to sue and recover damages for infringement thereof.

13. Upon information and belief, Defendants are engaged in making, using, importing, selling and/or offering for sale loose-leaf binders under the Avery® Flip Back® binder series, in the United States generally, and in the Southern District of New York specifically.

14. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of the products that fall within the scope of at least Claims 19 and 34 of the '678 patent, Defendants have directly infringed, literally and/or upon information and belief, equivalently, and are continuing to infringe the '678 patent and are thus liable to Plaintiff pursuant to 35 U.S.C. § 271.

15. Defendants' infringement of the '678 patent is without consent of, authority of, or license from Plaintiff.

16. Upon information and belief, Defendants actively and knowingly have infringed and are continuing to infringe the '678 patent with prior knowledge of Plaintiff's patent rights and without reasonable basis for believing that Defendants' conduct is lawful. CCL and Avery, or predecessor entities acquired by CCL, have been on notice of Plaintiff's patent rights, by presentations including, without limitation, on August 24, 2001 and February 12, 2013. Staples has been on notice of Plaintiff's patent right by correspondence, including, without limitation, letter dated April, 2013 and email dated May 10, 2013, and presentation including, without limitation, on May 8, 2013.

17. Upon information and belief, Defendants' infringement of the '678 patent has been and is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling Plaintiff to its attorneys' fees and expenses.

18. As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter judgment as follows:

A. That the '678 patent is valid and enforceable;

B. That Defendants have directly infringed one or more claims of the '678 patent;

C. That Defendants account for and pays to Plaintiff all damages pursuant to 35 U.S.C. § 284 to adequately compensate Plaintiff for Defendants' infringement of the '678 patent, but in no event less than a reasonable royalty for the use made by Defendants of the inventions set forth in the '678 patent;

D. That Plaintiff receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

E. That this is an exceptional case under 35 U.S.C. § 285;

F. That Defendants pay Plaintiff all of Plaintiff's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

G. That Plaintiff be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendants' infringement of the '678 patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

H. That costs be awarded in accordance with 35 U.S.C. § 284 to Plaintiff; and

I. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated: March 27, 2014

KROUB, SILBERSHER & KOLMYKOV PLLC

By: _____
Zachary Silbersher (ZS4391)
zsilbersher@kskiplaw.com
Sergey Kolmykov (SK7790)
skolmykov@kskiplaw.com
Gaston Kroub (GK6970)
gkroub@kskiplaw.com

305 Broadway, 7th Floor
New York, NY 10007
Telephone No.: (212) 323-7442

*ATTORNEYS FOR PLAINTIFF*
*JAMES S. CHIZMAR*